UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.                                                             **MEMORANDUM AND ORDER**
                                                               15-CR-165 (WFK)
NICKOLAUS DALEY,

       Defendant.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 23, 2015, Nickolaus Daley ("Defendant") pled guilty to one count of Felon in Possession of a Firearm. ECF No. 20 ("Guilty Plea"). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c).

## BACKGROUND

On April 2, 2015, Defendant was charged by an Indictment with one count of Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 *et seq*. ECF No. 9 ("Indictment") at 1. On December 23, 2015, Defendant pled guilty to the Indictment. *See* Guilty Plea at 1.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the

1

Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.

The Court addresses each of the § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Based on this factor, a significant sentence is justified.

#### a. History and Characteristics of Defendant

Defendant has an extensive criminal record dating back to his teenage years. On December 8, 2008, at age 18, Defendant was arrested for fraudulently obtaining a Sears credit card under a false name and using it to purchase $5,321.16 worth of electronics at a Sears location in Meriden, Connecticut. ECF No. 22 ("PSR") ¶ 23. Defendant was charged with Larceny in the Second Degree, Identity Theft in the Second Degree, Criminal Impersonation, and, after failing to appear for a scheduled court appearance, Failure to Appear in Court. *Id.* On January 25, 2010, Defendant was convicted of the larceny and identity theft counts; the remaining counts were unconditionally discharged. *Id.* He was sentenced in Meriden Superior

Court to five years of custody and three years of conditional discharge. *Id.* Defendant's sentence was suspended after he served eight months of imprisonment. *Id.*

On February 4, 2009, Defendant was arrested for punching a police officer in the face during a routine traffic stop. *Id.* ¶ 24. He was convicted of Obstructing Governmental Administration and was sentenced in Manhattan Criminal Court to time served on January 12, 2010. *Id.*

On May 29, 2009, Defendant purchased over $2,200.00 worth of electronics with a fraudulent Sears credit card, this time at a Sears location in Concord, Delaware. *Id.* ¶ 25. When police officers approached his vehicle to arrest him, Defendant crashed into a police car and fled the scene. He was subsequently arrested in the Bronx on June 24, 2009. *Id.* Defendant was convicted of Identity Theft and Disregarding a Police Officer's Signal, and was sentenced in New Castle Superior Court to five years of custody and a $575.00 fine. *Id.* The court later suspended Defendant's custodial sentence for one year of probation. *Id.*

On January 15, 2012, Defendant was arrested for breaking into a home located at 3401 Church Avenue in Brooklyn, New York. *Id.* ¶ 26. He was convicted of Criminal Mischief and was sentenced in Brooklyn Criminal Court to seven days of imprisonment. *Id.*

On June 21, 2013, Defendant was arrested for physically assaulting his grandmother after she had admonished him for smoking marijuana. *Id.* ¶ 27. He was convicted of Menacing in the Third Degree, and was sentenced in Brooklyn Criminal Court to time served—six days. *Id.*

On September 3, 2013, Defendant was arrested for punching and kicking a police officer. *Id.* ¶ 28. He was convicted of Disorderly Conduct and sentenced to one year of conditional discharge and two days community service. *Id.*

On March 21, 2014, Defendant was arrested following a search of his residence by the New York City Police Department ("N.Y.P.D."), which uncovered an imitation shotgun, nearly 100 rounds of ammunition, and a stolen Visa credit card. *Id.* ¶ 29. Defendant resisted arrest and bit an arresting officer on the arm. *Id.* Defendant was convicted of Unlawful Possession of Ammunition and was sentenced in Brooklyn Criminal Court to one year of conditional discharge and five days of community service. *Id.*

Defendant has a pending criminal case in the Northern District of Ohio. *Id.* ¶ 33. On April 23, 2009, Defendant was indicted in the Northern District of Ohio on four counts of Identity Fraud. *Id.* According to the indictment, police officers stopped Defendant after a high-speed chase in which Defendant drove over 100 miles per hour in a 65-mile-per-hour zone. *Id.* Defendant appeared overly nervous, told the police that he had lost his driver's license, and claimed he was visiting a friend in Akron, Ohio, but did not know the friend's surname or where he lived. *Id.* Officers searched Defendant's car and discovered four Florida identification cards bearing four different names. *Id.* The officers subsequently placed Defendant under arrest. *Id.* On March 5, 2010, after failing to appear in court, the court issued a bench warrant for Defendant's arrest. *Id.*

On May 2, 2015, Defendant was charged with Menacing in the Second Degree based on the same events underlying the instant offense. *Id.* ¶ *34*. That case is currently pending in Brooklyn Criminal Court. *Id.*

### b. Nature and Circumstances of the Current Offense

On March 2, 2015, N.Y.P.D. officers arrested Defendant at his Brooklyn residence pursuant to information identifying as having displayed a handgun during a verbal dispute and threatening to shoot an off-duty school safety officer. *Id.* ¶ 3. The N.Y.P.D. conducted a search

4

of Defendant's residence pursuant to the arrest and recovered several .9 millimeter bullet casings. *Id.* ¶ 4. A subsequent investigation into Defendant's Facebook account, conducted by the N.Y.P.D. and the Federal Bureau of Investigation ("F.B.I."), uncovered two photographs of Defendant holding a black firearm with an extended magazine capable of accepting a large capacity magazine. *Id.* ¶ 5.

After Defendant was released on bail, he posted a message on his Facebook profile stating, "I still got my gun an[d] its [*sic*] in a safe place now[.]" *Id.* ¶ 6. On March 6, 2015, F.B.I. agents subsequently re-arrested Defendant . *Id.* ¶7. Defendant admitted in post-arrest statements that he had possessed a .9 millimeter Ruger handgun. *Id.* Under federal law, Defendant's convictions for Second Degree Larceny and Second Degree Identity Theft on January 25, 2010 prohibit him from possessing a firearm.

### 2. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court finds a significant sentence necessary to reflect the seriousness of Defendant's offense, to provide just punishment, and to protect the public from further crimes by Defendant.

Defendant was fully aware of his prior felony conviction when he possessed and flaunted a semi-automatic firearm to threaten an off-duty school safety officer. Defendant's extensive criminal record demonstrates that he is precisely the type of individual whom Congress sought to

prevent from possessing such a deadly weapon, and his sentence satisfies the goal of the Gun Control Act to "keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Barret v. United States*, 423 U.S. 212, 218 (1976).

The Court also finds a significant sentence of incarceration necessary to afford adequate deterrence, both specific and general, to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Regarding specific deterrence, Defendant is a career criminal who has flouted the law since the age of eighteen. Defendant's persistent criminality after multiple convictions, for which he received judicial slaps on the wrist, obliges this Court to impose a serious sentence of lengthy incapacitation to deter him from continuing this trend. *See United States v. Park*, 758 F.3d 193, 201 (2d Cir. 2014) (noting a particular need for incapacitation as specific deterrence given defendant's continued criminal activity after prior convictions). Regarding general deterrence, the Court finds that a significant sentence will discourage convicted felons from possessing or attempting to possess firearms in contravention of federal law.

The Court does not find that Defendant needs any additional educational or vocational training or medical care.

### 3. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Felon in Possession under 18 U.S.C. § 922(g)(1). *See* Guilty Plea at 1. This count carries a maximum imprisonment term of ten years, 18 U.S.C. § 924(a)(2), and a maximum supervised release period of three years, *see id.* § 3583(b)(2). In addition, because this count is a Class C Felony, Defendant is eligible for a probationary period of between one year and five years, with one or more of the following conditions: a fine, restitution,

or community service. *See id.* §§ 3561(c)(1), 3563(a)(2). Defendant faces a maximum fine of $250,000.00, *see id.* § 3571(b), and a mandatory special assessment of $100.00, *see id.* § 3013. The Defendant must forfeit the Ruger .9 millimeter handgun referred to in the Indictment. *See* 21 U.S.C. § 924(d). Restitution is not applicable in this case. *See* 18 U.S.C. § 3663. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

Defendant has a base offense level of twenty pursuant to Guidelines § 2K2.1(a)(4)(b)(i)(I), because he possessed a Ruger .9 millimeter handgun, a semiautomatic firearm capable of accepting a large capacity magazine. U.S. Sentencing Guidelines Manual § 2K2.1 (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Defendant objects to this base offense level, arguing that there is not sufficient competent proof demonstrating that Defendant indeed possessed a semiautomatic firearm capable of accepting a large capacity magazine. The Court, however, finds that Probation correctly calculated Defendant's base offense level in this case. An investigation into Defendant's Facebook account by the F.B.I. and N.Y.P.D uncovered photographs of the Defendant holding a semiautomatic firearm capable of accepting a large capacity magazine. Furthermore, in a post-arrest statement, Defendant admitted to possessing a Ruger .9 millimeter handgun, which is semiautomatic and capable of accepting a large capacity magazine. In light of these facts, the Court draws the reasonable inference that Probation correctly calculated Defendant's base offense level. *See* ECF No. 27 ("Addendum to PSR");

7

*United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (holding that, in determining whether a guidelines enhancement applies, the District Court is allowed to draw reasonable inferences from the facts).

In addition, based on information provided by the Government in its sentencing memorandum, the Court finds that Defendant possessed the firearm at issue "in connection with another felony offense," and is subject to a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B); *see also id.* § 2K2.1, App. Note 14(C) (referring to "another felony offense" as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained"). Here, Defendant posted photos of himself possessing the firearm on Facebook, accompanied by messages in which he threatened the victim from his state court menacing case. ECF No. 28 ("Gov't Memo") at 4-5. The Court finds, based on these Facebook posts, that Defendant possessed the firearm at issue in connection with the offense of intimidating a victim in the third degree, which is a class E felony under New York State law. *See* Gov't Memo at 4-5; N. Y. Pen. L. § 70.00(2)(e).

Because Defendant demonstrated acceptance of responsibility and the Government intends to make a motion stating it was notified in a timely manner of Defendant's intention to enter a plea of guilty, the Guidelines permit a decrease of three offense levels. *See* U.S.S.G. § 3E1.1.

Taking these adjustments into account, Defendant's adjusted offense level is twenty-one. With a criminal history category of III, Defendant's guidelines sentencing range is between forty-six and fifty-seven months of incarceration. *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015). Defendant is eligible for a supervised

release term of one to three years, *see id.* § 5D1.2(a)(2), and is ineligible for probation, *id.* § 5B1.1(a). The guidelines suggest a fine between $7,500.00 and $75,000.00. *Id.* § 5E1.2(c)(3).

## 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission[.]" 18 U.S.C. § 3553(a)(5).

Policy Statement § 5H1.8, in conjunction with § 4A1.3, provides that a defendant's criminal history may warrant an upward departure if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. U.S.S.G. §§ 5H1.8, 4A1.3(a). Because the ultimate disposition of three of Defendant's offenses, —all of which involved the physical assault of police officers—provided no criminal history points under the guidelines analysis, *see* PSR ¶¶ 24, 28-29, this case warrants an upward variance from the advisory guidelines range.

## 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Felon in Possession of a Firearm, which carries a maximum imprisonment term of ten years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 924(a)(2). Accordingly, a sentence of up to ten years imprisonment is not beyond the pale for Defendant's crime and avoids disparities with other federal sentences which recognize the severity of Defendant's crime.

### 7. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in Defendant's case. *See* 18 U.S.C. § 3663. Accordingly, this factor is not relevant.

## CONCLUSION

A sentence of 60 months of incarceration, to be followed by 3 years of supervised release, with the $100.00 mandatory assessment fee, is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish the purposes of, 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department, with the exception of the guidelines calculation contained therein. Defendant is also ordered to forfeit the .9 millimeter Ruger handgun at issue, if he has not done so already. Defendant is advised of his right to appeal this sentence.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2016
Brooklyn, New York